**ELECTRONICALLY FILED**
**COURT OF COMMON PLEAS**
**Wednesday, September 30, 2020 3:29:23 PM**
**CASE NUMBER: 2020 CV 03758 Docket ID: 34937013**
**MIKE FOLEY**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

# IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| HOLT CARLTON | ) | CASE NO. |
| 242 Southerly Hills | ) | |
| Englewood, OH 45322 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| CSX TRANSPORTATION, INC. | ) | |
| Willard Yard | ) | **JURY DEMAND ENDORSED** |
| 2826 Liberty Rd. | ) | **HEREIN** |
| Willard, OH 44890 | ) | |
| | ) | |
| **Serve also:** | ) | |
| CSX Transportation, Inc. | ) | |
| CT Corporation System (Stat. Agent) | ) | |
| 4400 Easton Commons Way, Ste. 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| CSX Transportation Inc. | ) | |
| Corporate Headquarters | ) | |
| 500 Water Street, 15th Floor | ) | |
| Jacksonville, FL 32202 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| TIM SMITH | ) | |
| c/o CSX Transportation, Inc. | ) | |
| Willard Yard | ) | |
| 2826 Liberty Rd. | ) | |
| Willard, OH 44890 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| CLAY BARNETT | ) | |
| c/o Tarkowsky & Piper Co., L.P.A. | ) | |
| 3 N. Main Street, Suite 500 | ) | |
| Mansfield, Ohio 44902 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |

MATT DEATON                              )
c/o CSX Transportation, Inc.            )
Willard Yard                            )
2826 Liberty Rd.                        )
Willard, OH 44890                       )
                                        )
                    Defendants.         )
                                        )

Plaintiff Holt Carlton, by and through undersigned counsel, as his Complaint against the

Defendants, states and avers the following:

## PARTIES, JURISDICTION, & VENUE

1. Carlton is a resident of the city of Englewood, Montgomery County, state of Ohio.

2. Defendant CSX TRANSPORTATION, INC. ("CSX") is a foreign-incorporated company that conducts business throughout the state. The relevant location with the events and omissions of this Complaint took place was at and around CSX's various sites throughout the state.

3. CSX is, and was at all times hereinafter mentioned, Carlton's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e and R.C. § 4112.01(A)(2).

4. CSX is, and was at all times hereinafter mentioned, Carlton's employer within the meaning R.C. § 4112.01(A)(2).

5. Upon information and belief, Defendant TIM SMITH is a resident of Ohio.

6. Smith is, and was at all times hereinafter mentioned, a manager, supervisor, and/or agent of CSX, and as such, an employer within the meaning of R.C. § 4112.01(A)(2).

7. All of the material events alleged in this Complaint occurred in or around Huron County, Ohio and its surrounding areas.

8. Personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1), (3), and/or (4).

9. Venue is proper pursuant to Civ. R. 3(C)(1), (2), (3), (4), (6), (7), (12), and/or (13)(b).

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

11. Carlton is a former employee of CSX.

12. At all times noted herein, Carlton was qualified for his position with CSX.

13. At all times noted herein, Carlton could fully perform the essential functions of his job, with or without a reasonable accommodation.

14. Carlton is African-American, placing him in a protected class for his race.

15. Carlton was age 55 at the time of his termination, and thus is also in a protected class for his age.

16. Defendants had notice of Carlton's protected classes prior to his termination.

17. Carlton worked for CSX, ending as a Signal Foreman, from July 17, 1990 until CSX Transportation terminated Carlton's employment on or about May 4, 2020.

18. Carlton was also one of very few African American employees for CSX and is substantially older than the others named herein.

19. Throughout his early employment, Carlton had little history of discipline of any kind.

20. Carlton began having issues around 2010. Younger Caucasian workers began to come in and viewed Carlton as a threat because of his seniority and because of his race.

3

21. Two individuals, Defendant Deaton (late 30s, Caucasian) and Defendant Barnett (30s, Caucasian), constantly undermined Carlton's authority and harassed Carlton in an attempt to get him terminated.

22. Deaton and Barnett also constantly spread rumors around the employees about how Carlton was unorganized and how he didn't want to work.

   a. As an example, after a safety meeting, Deaton and Barnett circumvented the established chain of communications and excluded Carlton in work related matters that he had authority on. Instead of going through Carlton, per protocol, they went straight to Cameron Adkins (30s, Caucasian), the Project Manager. Adkins denied their request. Regardless, Barnett approached Carlton saying they had permission to move the signals. When Carlton found out they lied, he confronted them. Deaton and Barnett told Carlton that he "didn't understand" the process. Carlton made multiple reports of Deaton and Barnett's behavior to Jason Geralds (manager of signal construction, late 30s/early 40s, Caucasian) but nothing ever seemed to be done to curtail their harassment and undermining of Carlton's authority.

23. Carlton's situation only became more severe when the COVID-19 pandemic caused havoc around the United States, in or around March 2020.

24. Numerous employees were laid off due the pandemic, so Deaton and Barnett decided to escalate their harassment in an attempt to secure their jobs at Carlton's expense.

25. On or about March 17, 2020, Deaton and Barnett continued to harass Carlton and even sent him a harassing text message with a picture of an anchor. The meaning of the picture was that Carlton was dragging the team down because of his age.

26. On or about March 19, 2020, Geralds instructed Carlton to bring his team to the Willard yard for a routine drug screen.

27. Deaton, Carlton, and fellow signalwoman Kim Furman (mid-40s, African American) drove together.

28. Despite having the directive from Geralds, Deaton demanded the group stop at the Greenwich site for a job briefing.

29. While at the briefing, Barnett asked Carlton why he didn't drive the crane truck last night.

30. After the briefing, Barnett began screaming at Carlton, calling him a bad leader, harassing him, and undermining his authority.

31. Carlton tried to deescalate the situation by telling Barnett to calm down and that if he didn't want to drive the crane, he could just go home.

32. Deaton, Carlton, and Furman continued towards Willard.

33. In an attempt to "one-up" Barnett's childish behavior, Deaton stopped at Walnut road and began throwing a temper tantrum. He threw tools out of the truck, screamed at Carlton, and was outright insulting and insubordinate.

34. Unfortunately, while dealing with Deaton childish behavior, Carlton accidentally and unknowingly bumped into Furman.

35. Carlton only learned that this happened when Furman brought it up to him later; he apologized immediately.

36. After Carlton apologized, Furman seemed like she was alright, and the situation seemed resolved.

37. The next day near the end of their shift, on or about March 20, 2020, Deaton screamed and cussed at Carlton again.

38. Carlton tried his best to ignore them, but Deaton and Barnett even inspired another employee, Tyler Robinson (20s, Caucasian), to start screaming and cussing at Carlton as well.

39. Carlton again made a complaint to Geralds about Deaton and Robinson's behavior.

40. Carlton told Geralds that they were overly aggressive and were continuing to undermine him. Carlton wanted them off the site.

41. On or about March 21, 2020, Chris Seller (supervisor, late 40s/early 50s, Caucasian) came to Carlton's site.

42. Seller held a meeting where he told the employees that the team might need some "addition by subtraction," and that things needed to be smoothed out.

43. Carlton assumed that this was regarding his complaint to Geralds. It was not. Instead, Seller made it abundantly clear in the meeting that Carlton should not complain or report problems anymore.

44. Effectively, Seller did not care about the issues Carlton faced, but rather simply wanted Carlton to stay silent and to keep working. After the meeting, Seller interviewed several employees.

45. While Seller interviewed Deaton, Deaton filed a false report that Carlton had shoved Furman during the incident that occurred a few days prior. This was an outright lie.

46. Deaton purposefully filed this false report to set Carlton up for termination.

47. Deaton viewed Carlton as an old anchor that dragged the team down, and he was now attempting to usurp Carlton's position from him.

48. Some time after, Defendant Smith (regional director, late 40s/early 50s, Caucasian) asked to speak to Carlton. Smith asked Carlton bluntly if he had ever "laid hands" on Furman.

49. Carlton rightfully denied the allegation. Smith asked if Carlton had ever grabbed Furman by her shoulder and twisted/shook her.

50. Carlton again rightfully denied the allegation. Smith then asked about the conversation Carlton had with Furman on March 19, 2020.

51. Carlton acknowledged that a conversation happened. Smith then claimed that conversation's existence was evidence that he had laid hands on Furman.

52. Carlton again denied this allegation and explained to Smith that just because a subordinate talked to him didn't mean he had physically assaulted her.

53. Smith told Carlton that he was suspended without pay, pending investigation.

54. Carlton's employment was terminated some time after, effective on or about May 4, 2020.

55. Carlton made numerous complaints to CSX about how his subordinates were attempting to set him up for failure.

56. Carlton specifically referenced the anchor and its allusion to his age. Carlton had specifically cited his age in several of those complaints, which made them formal, protected complaints of discrimination.

57. Carlton also believed his race was a factor in his subordinates' mutinous actions, but he was concerned that if he mentioned his race, that CSX would take his complaints even less seriously.

58. Unfortunately, Carlton was right. CSX did not care about any of his complaints, regardless of their protected status or not.

59. Further, the "investigation" conducted by CSX Transportation included a hearing on or about April 15, 2020.

60. In this hearing, Furman denied that Carlton had ever grabbed, twisted, or shook her. She denied that Carlton had even laid any hands on her and explained that Deaton was the aggressor in the situation.

61. Furman even stated she did not agree with her previous written statement, specifically in her word choice of "shove."

62. Furman was threatened in an attempt to coerce her into complying with this farce of an investigation.

63. Furman was threatened with charges if she was "changing her story," which Furman very clearly was not.

64. Carlton and Furman tried in vain to point out the numerous logical inconsistencies of the complaint, but Smith and CSX Transportation were not interested in what actually happened.

65. All Smith and CSX Transportation wanted was an excuse to terminate an older African American man, despite his decades of stellar work for the company.

66. Desperate to keep the job he loved, Carlton filed a letter with another formal and protected complaint in or around late April 2020 to plead with CSX to allow him to continue working.

67. Carlton also filed a complaint of discrimination based on his age to CSX's EthicsPoint online system.

68. Despite multiple protected activities, CSX Transportation terminated Carlton's employment effective on May 4, 2020.

69. CSX's termination of Carlton was an adverse employment action against him.

70. CSX's purported reason for Carlton's termination is pretext for age and racial discrimination and/or retaliation.

71. As a result of the above, Carlton has suffered damages, including economic damages, as well as severe emotional distress, anxiety, and depression.

## COUNT I: RACIAL DISCRIMINATION IN VIOLATION OF R.C. §4112, et seq.
### (Defendants CSX and Smith Only)

72. Carlton restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. Carlton is African-American, and thus is in a protected class for his race.

74. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

75. Defendants treated Carlton differently than other similarly situated employees based upon his race.

76. Defendants' termination of Carlton was an adverse employment action against him.

77. Defendants' purported reason for Carlton's termination was pretextual.

78. Defendants actually terminated Carlton's employment due to his race.

79. Defendants violated R.C. § 4112 et seq. by terminating Carlton because of his race.

80. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by treating Carlton differently from other similarly situated employees outside his protected class.

81. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Carlton's race.

82. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Carlton's race.

83. Carlton incurred emotional distress damages as a result of Defendants' conduct described herein.

84. As a direct and proximate result of Defendants' acts and omissions, Carlton has suffered and will continue to suffer damages.

### COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. §4112, et seq. (Defendants CSX and Smith Only)

85. Carlton restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

86. Carlton is in a protected class for his age (discussed *supra*).

87. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

88. Defendants treated Carlton differently than other similarly situated employees based upon his age.

89. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by treating Carlton differently from other similarly situated employees outside his protected class.

90. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Carlton's age.

91. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Carlton's age.

92. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by terminating Carlton's employment because of his age.

93. Defendants' termination of Carlton's employment was an adverse employment action against him.

94. Defendants' proffered reason for Carlton's termination was pretextual.

95. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by terminating Carlton's employment because of his age.

96. Carlton incurred emotional distress damages as a result of Defendants' conduct described herein.

97. As a direct and proximate result of Defendants' acts and omissions, Carlton has suffered and will continue to suffer damages.

**COUNT III: RETALIATION**
**(Defendants CSX and Smith Only)**

98. Carlton restates each and every prior paragraph of this complaint, as if it were fully restated herein.

99. As a result of the Defendants' discriminatory conduct described above, Carlton complained of the discrimination, harassment, and disparate treatment he was experiencing.

100. Subsequent to Carlton's complaints to management about harassment, bullying, and disparate treatment toward him, Defendants took adverse employment actions against Carlton, including terminating his employment.

101. Defendant's actions were retaliatory in nature based on Carlton's opposition to the unlawful discriminatory conduct.

102. Pursuant to R.C. § 4112 et seq. and Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

103. As a direct and proximate result of Defendants' retaliatory discrimination against and discharge of Carlton, he has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: UNLAWFUL AIDING, ABETTING,
## AND INCITING OF DISCRIMINATION
### (Defendants Barnett and Deaton Only)

104.    Carlton restates each and every prior paragraph of this complaint, as if it were fully restated herein.

105.    Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

106.    Smith aided, abetted, incited, coerced, and/or compelled CSX's discriminatory termination of Plaintiff.

107.    Smith aided, abetted, incited, coerced, and/or compelled CSX's discriminatory treatment of Carlton.

108.    Smith violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination against Carlton.

109.    As a direct and proximate result of Defendant's conduct, Carlton has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Carlton demands from Defendant the following:

a)  Issue a permanent injunction:

    i.    Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii.   Requiring allocation of significant funding and trained staff to implement all changes within two years;

12

      iii.    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

      iv.    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

      v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge his personnel file of all negative documentation;

c) An award against Defendant for compensatory and monetary damages to compensate Carlton for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Carlton's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

_/s/ Matthew G. Bruce_____
Matthew G. Bruce (0083769)
Trial Attorney
Evan R. McFarland (0096953)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email:  Matthew.Bruce@SpitzLawFirm.com
Email:  Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff Holt Carlton*


## JURY DEMAND

Plaintiff Holt Carlton demands a trial by jury by the maximum number of jurors permitted.

_/s/ Matthew G. Bruce_____
Matthew G. Bruce (0083769)

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, September 30, 2020 3:29:23 PM
CASE NUMBER: 2020 CV 03758 Docket ID: 34937015
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

MONTGOMERY COMMON PLEAS COURT / GENERAL DIVISION
CIVIL CASE INFORMATION

This document has been automoatically generated by the Electronic Filing System

| PARTICIPANT NAME | TYPE | ATTORNEY FOR PARTY |
|---|---|---|
| HOLT  CARLTON | MAIN PLAINTIFF | BRUCE |
| CSX TRANSPORTATION INC. | MAIN DEFENDANT | |

| CATEGORY | VALUE |
|---|---|
| CASE TYPE | Civil |
| JURY DEMAND | Yes |
| PRAYER AMOUNT | 25000 |
| ACTION TYPE | CIVIL ALL OTHER |
| TYPE OF RESOLUTION | |
| PARCEL NUMBER (MORTGAGE FORECLOSURE ONLY) | |

## REFILING INFORMATION

| CASE NUMBER | JUDGE | MAIN PLAINTIFF | MAIN DEFENDANT |
|---|---|---|---|

## SUITS INVOLVING LIKE ISSUES AND SIMILAR PARTIES

| CASE NUMBER | JUDGE | MAIN PLAINTIFF | MAIN DEFENDANT |
|---|---|---|---|

The Filer submitted this information and the document was generated.
Filer:  Matthew G. Bruce

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, September 30, 2020 3:29:23 PM
CASE NUMBER: 2020 CV 03758 Docket ID: 34937016
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

**MIKE FOLEY**
**MONTGOMERY COUNTY CLERK OF COURTS**
**41 N. PERRY STREET, DAYTON, OHIO 45422**

# INSTRUCTIONS FOR SERVICE

HOLT  CARLTON
**PLAINTIFF/PETITIONER**


CSX TRANSPORTATION INC.
**DEFENDANT/RESPONDENT**

**PLEASE ISSUE SERVICE TO:** (Name and Address)
CLAY  BARNETT
CO TARKOWSKY  PIPER CO. L.P
3 N. MAIN STREET SUITE 500
MANSFIELD, OH  44902

CSX TRANSPORTATION INC.
WILLARD YARD
2826 LIBERTY RD.
WILLARD, OH  44890

CSX TRANSPORTATION INC.
CT CORPORATION SYSTEM STAT. AGENT
4400 EASTON COMMONS WAY STE. 125
COLUMBUS, OH  43219

CSX TRANSPORTATION INC.
CSX TRANSPORTATION INC.
CORPORATE HEADQUARTERS
500 WATER STREET 15TH FLOOR
JACKSONVILLE, FL  32202

MATT  DEATON

CO CSX TRANSPORTATION INC.
2826 LIBERTY RD.
WILLARD, OH 44890

TIM SMITH
CO CSX TRANSPORTATION INC.
2826 LIBERTY RD.
WILLARD, OH 44890

**VIA:** Service by Clerk

**SERVICE PROVIDER:**

**TO BE SERVED** (List all Documents to be Served)
Complaint FOR DAMAGES AND INJUNCTIVE RELIEF

**Electronically Requested by:** Matthew G. Bruce

**ELECTRONICALLY FILED**
**COURT OF COMMON PLEAS**
**WEDNESDAY SEPTEMBER 30 2020 04:05:33 PM**
**CASE NUMBER: 2020 CV 03758 Docket ID: 34937092**
**MIKE FOLEY**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
# CIVIL DIVISION

# SUMMONS

**PLAINTIFF**                                                          **CASE NUMBER**

HOLT CARLTON                                                          2020 CV 03758

**VS**

**DEFENDANT**                                                         **ARTICLE NUMBER**

CSX TRANSPORTATION INC. et al                                        397370853608

**TO THE FOLLOWING NAMED DEFENDANT:**

CSX TRANSPORTATION INC.

WILLARD YARD

2826 LIBERTY RD.

WILLARD OH 44890

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio. **A copy of the Complaint is attached.**

**BY:**

HOLT CARLTON

242 SOUTHERLY HILLS

ENGLEWOOD, OH  45322

**PLAINTIFF ATTORNEY:**

MATTHEW G BRUCE

11260 CHESTER RD   STE 825

CINCINNATI, OH 45246

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer** must be filed with the Clerk of Court's Office **within 3 days** after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov.  If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff.  If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Wednesday, September 30, 2020**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

### In The Court Of Common Pleas, Montgomery County Ohio
### Civil Division

**RETURN OF SERVICE SUMMONS**

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| HOLT CARLTON | 2020 CV 03758 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CSX TRANSPORTATION INC. et al | 397370853608 |

**TO THE FOLLOWING NAMED PARTY:**
CSX TRANSPORTATION INC.
WILLARD YARD
2826 LIBERTY RD.
WILLARD, OH 44890

### RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE      $_____
MILEAGE          _____
TOTAL         $_____
DATE             _____

I received the document on _____, 2020, at ____ o'clock ____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2020.
By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE      $_____
MILEAGE          _____
TOTAL         $_____
DATE             _____

I received the document on _____, 2020, at ____ o'clock ____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2020.
By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE      $_____
MILEAGE          _____
TOTAL         $_____
DATE             _____

I received the document on _____, 2020, at ____ o'clock ____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____
By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| HOLT CARLTON | 2020 CV 03758 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CSX TRANSPORTATION INC. et al | 397370868633 |

**TO THE FOLLOWING NAMED DEFENDANT:**

CSX TRANSPORTATION INC.
CSX TRANSPORTATION INC.
CORPORATE HEADQUARTERS
JACKSONVILLE FL 32202

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**
HOLT CARLTON
242 SOUTHERLY HILLS
ENGLEWOOD, OH  45322

**PLAINTIFF ATTORNEY:**
MATTHEW G BRUCE
11260 CHESTER RD   STE 825
CINCINNATI, OH 45246

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Wednesday, September 30, 2020**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| HOLT CARLTON | 2020 CV 03758 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CSX TRANSPORTATION INC. et al | 397370868633 |

**TO THE FOLLOWING NAMED PARTY:**
CSX TRANSPORTATION INC.
CSX TRANSPORTATION INC.
CORPORATE HEADQUARTERS
JACKSONVILLE, FL 32202

### RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL          $_____

DATE           _____

I received the document on _____, 2020, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2020.

By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL          $_____

DATE           _____

I received the document on _____, 2020, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2020.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL          $_____

DATE           _____

I received the document on _____, 2020, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**                                                           **CASE NUMBER**

HOLT CARLTON                                                          2020 CV 03758

**VS**

**DEFENDANT**                                                         **ARTICLE NUMBER**

CSX TRANSPORTATION INC. et al                                       397370871423

**TO THE FOLLOWING NAMED DEFENDANT:**

CSX TRANSPORTATION INC.

CT CORPORATION SYSTEM STAT. AGENT

4400 EASTON COMMONS WAY STE. 125

COLUMBUS OH 43219

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

HOLT CARLTON

242 SOUTHERLY HILLS

ENGLEWOOD, OH  45322

**PLAINTIFF ATTORNEY:**

MATTHEW G BRUCE

11260 CHESTER RD   STE 825

CINCINNATI, OH 45246

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Wednesday, September 30, 2020**

**MIKE FOLEY, CLERK**

**COURT OF COMMON PLEAS**

**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| HOLT CARLTON | 2020 CV 03758 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CSX TRANSPORTATION INC. et al | 397370871423 |

**TO THE FOLLOWING NAMED PARTY:**
CSX TRANSPORTATION INC.
CT CORPORATION SYSTEM STAT. AGENT
4400 EASTON COMMONS WAY STE. 125
COLUMBUS, OH 43219

### RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL          $_____

DATE           _____

I received the document on _____, 2020, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2020.

By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL          $_____

DATE           _____

I received the document on _____, 2020, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2020.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL          $_____

DATE           _____

I received the document on _____, 2020, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| HOLT CARLTON | 2020 CV 03758 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CSX TRANSPORTATION INC. et al | 397370874650 |

**TO THE FOLLOWING NAMED DEFENDANT:**

TIM SMITH
CO CSX TRANSPORTATION INC.
2826 LIBERTY RD.
WILLARD OH 44890

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**
HOLT CARLTON
242 SOUTHERLY HILLS
ENGLEWOOD, OH  45322

**PLAINTIFF ATTORNEY:**
MATTHEW G BRUCE
11260 CHESTER RD   STE 825
CINCINNATI, OH 45246

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**
If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Wednesday, September 30, 2020**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| HOLT CARLTON | 2020 CV 03758 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CSX TRANSPORTATION INC. et al | 397370874650 |

**TO THE FOLLOWING NAMED PARTY:**

TIM SMITH

CO CSX TRANSPORTATION INC.

2826 LIBERTY RD.

WILLARD, OH 44890

### RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL          $_____

DATE           _____

I received the document on _____, 2020, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2020.

By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL          $_____

DATE           _____

I received the document on _____, 2020, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2020.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL          $_____

DATE           _____

I received the document on _____, 2020, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO CIVIL DIVISION

# SUMMONS

**PLAINTIFF**                                               **CASE NUMBER**

HOLT CARLTON                                               2020 CV 03758

**VS**

**DEFENDANT**                                              **ARTICLE NUMBER**

CSX TRANSPORTATION INC. et al                             397370876263

**TO THE FOLLOWING NAMED DEFENDANT:**

CLAY BARNETT
CO TARKOWSKY PIPER CO. L.P
3 N. MAIN STREET SUITE 500
MANSFIELD OH 44902

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

HOLT CARLTON
242 SOUTHERLY HILLS
ENGLEWOOD, OH  45322

**PLAINTIFF ATTORNEY:**

MATTHEW G BRUCE
11260 CHESTER RD   STE 825
CINCINNATI, OH 45246

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov.  If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff.  If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Wednesday, September 30, 2020**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

## In The Court Of Common Pleas, Montgomery County Ohio
## Civil Division

**RETURN OF SERVICE SUMMONS**

**PLAINTIFF**                                                  **CASE NUMBER**

HOLT CARLTON                                   2020 CV 03758

**VS**

**DEFENDANT**                                      **ARTICLE NUMBER**

CSX TRANSPORTATION INC. et al              397370876263

**TO THE FOLLOWING NAMED PARTY:**

CLAY BARNETT
CO TARKOWSKY PIPER CO. L.P
3 N. MAIN STREET SUITE 500
MANSFIELD, OH 44902

### RETURN OF SERVICE(PERSONAL)

**FEES**

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2020, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2020.

By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2020, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2020.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2020, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons:
_____

By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
# CIVIL DIVISION

## SUMMONS

**PLAINTIFF**                                      **CASE NUMBER**

HOLT CARLTON                                       2020 CV 03758

**VS**

**DEFENDANT**                                      **ARTICLE NUMBER**

CSX TRANSPORTATION INC. et al                      397370879870

**TO THE FOLLOWING NAMED DEFENDANT:**

MATT DEATON

CO CSX TRANSPORTATION INC.

2826 LIBERTY RD.

WILLARD OH 44890

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

HOLT CARLTON

242 SOUTHERLY HILLS

ENGLEWOOD, OH  45322

**PLAINTIFF ATTORNEY:**

MATTHEW G BRUCE

11260 CHESTER RD   STE 825

CINCINNATI, OH 45246

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov.  If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff.  If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Wednesday, September 30, 2020**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| HOLT CARLTON | 2020 CV 03758 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CSX TRANSPORTATION INC. et al | 397370879870 |

**TO THE FOLLOWING NAMED PARTY:**

MATT DEATON
CO CSX TRANSPORTATION INC.
2826 LIBERTY RD.
WILLARD, OH 44890

### RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE        $_____
MILEAGE          _____
TOTAL          $_____
DATE              _____

I received the document on _____, 2020, at ____ o'clock ____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2020.
By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE        $_____
MILEAGE          _____
TOTAL          $_____
DATE              _____

I received the document on _____, 2020, at ____ o'clock ____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2020.
By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE        $_____
MILEAGE          _____
TOTAL          $_____
DATE              _____

I received the document on _____, 2020, at ____ o'clock ____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons:
_____
By _____

PAGE INTENTIONALLY LEFT BLANK